```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSHUA MORRICES DAVIS,<br><br>            Plaintiff,<br>     v.<br><br>CAMDEN COUNTY JAIL,<br>BURLINGTON COUNTY JAIL,<br>CUMBERLAND COUNTY JAIL and<br>SALEM COUNTY JAIL,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07299 (JBS-AMD)<br><br>OPINION |

APPEARANCES

Joshua Morrices Davis, Plaintiff Pro Se
821 North Main Road, Apt. 28A
Vineland, NJ 08360

**SIMANDLE, Chief District Judge:**

  **A. INTRODUCTION**

     1.   Plaintiff Joshua Morrices Davis seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("Camden CJ"), Burlington County Jail ("Burlington CJ"), Cumberland County Jail ("Cumberland CJ") and Salem County Jail ("Salem CJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. (Camden CJ, Burlington CJ, Cumberland CJ and Salem CJ are collectively referred to herein as "the Jail Defendants".)

     2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is

proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

    3.  For the reasons set forth below, the Court will: (a) dismiss the Complaint with prejudice as to claims made against the Jail Defendants, as they are not state actors under 42 U.S.C. § 1983; (b) dismiss the Complaint with prejudice as to Camden CJ for the additional reason that claims against Camden CJ are barred by the statute of limitations (28 U.S.C. § 1915(e)(2)(B)(ii)); and (c) dismiss the Complaint without prejudice for failure to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)).

**B. <u>The Claims Against The Jail Defendants Are Dismissed With Prejudice, As They Are Not State Actors Under § 1983.</u>**

    1.  The Complaint must be dismissed with prejudice as to claims made against the Jail Defendants because they are not "state actors" within the meaning of 42 U.S.C. § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp.

2

537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

    C. **<u>The Claims Against Camden CJ Are Also Dismissed With Prejudice For The Additional Reason That Such Claims Are Barred By The Statute Of Limitations.</u>**

    1. "[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint regarding Camden CJ is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam).

3

    2.    With respect to Camden CJ, the Complaint states that Plaintiff slept "under the bottom bunk on the floor" in "2004 or 2005." Complaint § III(C).

    3.    The allegedly unconstitutional conditions of confinement at Camden CJ would have been immediately apparent to Plaintiff at the time of detention. Accordingly, the statute of limitations for Plaintiff's claims against Camden CJ expired in 2007.

    4.    As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint as to Camden CJ will be dismissed with prejudice as barred by the statute of limitations. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

**D. <u>Plaintiff's Claims Are Dismissed Without Prejudice For Failure To State A Claim.</u>**

1.  To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay*

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    2.   The Complaint must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

### Burlington CJ

    3.   First, with respect to Burlington CJ, the Complaint states in its entirety: "2014, 2013[.] Sleep on the floor." Complaint § III(C). Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in relation to Plaintiff "sleep[ing] on [the] floor" in Burlington CJ (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

    4.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

6

(1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

### Salem CJ and Cumberland CJ

1. As to Salem CJ, the Complaint states in its entirety: "2013[,] 2014[.] Was in Salem County." Complaint § III(C).

2. As to Cumberland CJ, the Complaint is blank. Complaint § III(C).

3. Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is

entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

4.    Plaintiff's Complaint alleges no facts whatsoever in relation to the statement of claim against Salem CJ and Cumberland CJ (Complaint § III(C)), and does not identify the specific injuries particularly alleged against these defendants or the relief sought uniquely from them. *Id.* §§ IV, V.

5.    With respect to Salem CJ and Cumberland CJ, the Court cannot discern what cause of action Plaintiff intends to pursue.

6.    The Complaint must therefore be dismissed for failure to state a claim because the Complaint does not set forth any factual support for the Court to infer that a constitutional violation has occurred. 28 U.S.C. § 1915(e)(2)(b)(ii).

E. **CONCLUSION**

1.    Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

---

[4] The amended complaint shall be subject to screening prior to service.

2.    Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

3.    Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.[5]

---

[5] To the extent the complaint seeks relief for conditions Plaintiff encountered prior to October 14, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the

4.   For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to claims made against all Jail Defendants, as they are not state actors under 42 U.S.C. § 1983; (b) dismissed with prejudice as to Camden CJ for the additional reason that claims against it are barred by the statute of limitations (28 U.S.C. § 1915(e)(2)(B)(ii)); and (c) dismissed without prejudice for failure to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)).

5.   An appropriate order follows.

**February 24, 2017**          **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge

---

action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after his release. In the event Plaintiff elects to file an amended complaint, he should limit his complaint to confinements in which he was released after October 14, 2014.